25-CV-03525 (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOEL KIRKHART,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK; MELISSA AVILES-
RAMOS, Chancellor; and KATHERINE RODI,
Director of Employee Relations,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE
COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Shivani Damera*
*Tel: (212) 356-2444*
*Matter #: 2025-052949*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................II

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 1

ARGUMENT

      POINT I

            PLAINTIFF'S CLAIMS ARE BARRED BY THE
            DOCTRINES OF *RES JUDICATA* AND
            COLLATERAL ESTOPPEL ...................................................... 5

      POINT II

            PLAINTIFF'S FEDERAL CLAIMS FAIL AS A
            MATTER OF LAW .................................................................... 7

            A.  Plaintiff's Due Process Claim Fails as a Matter
                of Law .............................................................................. 7

            B.  Plaintiff's Stigma Plus Claim Fails as a Matter
                of Law ............................................................................ 10

            C.  Plaintiff's Equal Protection Claim Fails as a
                Matter of Law ................................................................ 11

      POINT III

            PLAINTIFF'S MONELL CLAIM FAILS AS A
            MATTER OF LAW .................................................................. 12

      POINT IV

            PLAINTIFF'S CLAIMS SOUNDING IN TORT
            ARE TIME-BARRED ............................................................. 14

            A.  Plaintiff's Notice of Claim is Untimely ............................................. 14

            B.  Plaintiff's Tort Claims are Time-Barred ............................................ 15

CONCLUSION ..................................................................................................................... 16

**Cases**                                                                                          **Page(s)**

Adams v. New York State Educ. Dep't,
    752 F. Supp. 2d 420 (S.D.N.Y. 2010) ....................................................................12

Agosto v. New York City Dep't of Educ.,
    982 F.3d 86 (2d Cir. 2020) ....................................................................................14

Alterescu v. New York City Dep't of Educ.,
    2022 U.S. Dist. LEXIS 151763
    (S.D.N.Y. Aug. 23, 2022) .......................................................................8, 9, 11, 12

Amron v. Morgan Stanley Inv. Advisors, Inc.,
    464 F.3d 338 (2d Cir. 2006) ..................................................................................10

Arredondo v. County of Nassau,
    2012 U.S. Dist. LEXIS 36156
    (E.D.N.Y. Mar. 16, 2012) .........................................................................................9

Askins v. Doe 1,
    727 F.3d 248 (2d Cir. 2013) ..................................................................................12

Barrer-Cohen v. Greenburgh Cent. Sch. Dist.,
    2019 U.S. Dist. LEXIS 127555
    (S.D.N.Y. July 30, 2019) .......................................................................................11

Bayer v. City of New York,
    115 A.D.3d 897 (2d Dep't 2014) ..............................................................................5

Blythe v. City of New York,
    963 F. Supp. 2d 158 (E.D.N.Y. 2013) ......................................................................7

Borst v. New York City Dep't of Educ.,
    2019 U.S. Dist. LEXIS 167870
    (E.D.N.Y. Sept. 27, 2019) ......................................................................................15

Bradley v. City of New York,
    2009 U.S. Dist. LEXIS 51532
    (E.D.N.Y. June 18, 2009) .......................................................................................13

Matter of Cardinale v. New York City Dep't of Educ.,
    204 A.D.3d 994 (2d Dep't 2022) ..............................................................................8

Carlson v. Geneva City Sch. Dist.,
    679 F. Supp. 2d 355 (W.D.N.Y. 2010) ...................................................................15

**Cases**                                                                                       **Pages**

Chak v. New York State Dep't of Educ.,
    2024 U.S. Dist. LEXIS 54148
    (E.D.N.Y. Mar. 26, 2024) ............................................................................................11, 12

Chase Group Alliance LLC v. City of New York Dep't of Fin.,
    620 F.3d 146 (2d Cir. 2010)......................................................................................9

Cohen v. Walcott,
    2017 U.S. Dist. LEXIS 97500
    (S.D.N.Y. June 23, 2024).........................................................................................13

Diesel v. Town of Lewisboro,
    232 F.3d 92 (2d Cir. 2000).......................................................................................11

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993).......................................................................................13

El-Shabazz v. State of New York Comm. on Character & Fitness for the Second
    Jud. Dep't,
    428 F. App'x 95 (2d Cir. 2011) .................................................................................6

Gomez-Kadawid v. Lee,
    2023 U.S. Dist. LEXIS 102935
    (S.D.N.Y. 2023).......................................................................................................15

Green v. Dep't of Educ.,
    2019 U.S. Dist. LEXIS 127545
    (S.D.N.Y. July 31, 2019) ....................................................................................10, 12

Helberg v. Wells Fargo Bank, Nat'l Ass'n,
    2025 U.S. Dist. LEXIS 11556
    (E.D.N.Y. Jan. 22, 2025) ...........................................................................................5

Hellenic Am. Neighborhood Action Comm. v. City of New York,
    101 F.3d 877 (2d Cir. 1996)......................................................................................9

Kennedy v. Bethpage Union Free Sch. Dist.,
    2023 U.S. App. LEXIS 2842
    (2d Cir. Feb. 6, 2023)..............................................................................................14

Kentucky v. Graham,
    473 U.S. 159 (1985).................................................................................................13

Kirkhart v. Dep't of Educ.,
    2024 N.Y. Misc. LEXIS 64695
    (Sup. Ct. New York Cnty. Apr. 25, 2024) ..........................................2, 3, 4, 6, 8, 9

**Cases**                                                                                                                    **Pages**

Lipman v. Rodenbach,
    2020 U.S. Dist. LEXIS 81685
    (E.D.N.Y. May 8, 2020) ...........................................................................................................5

Locurto v. Safir,
    264 F.3d 154 (2d Cir. 2001)....................................................................................................9

Magassouba v. Cascione Purcigliotti & Galluzzi, P.C.,
    2021 U.S. Dist. LEXIS 113237
    (S.D.N.Y. June 14, 2021)........................................................................................................5

McDonald v. Bd. of Educ.,
    2001 U.S. Dist. LEXIS 10325
    (S.D.N.Y. July 24, 2001) .......................................................................................................10

McPherson v. New York City Dep't of Educ.,
    457 F.3d 211 (2d Cir. 2006)...................................................................................................10

Monell v. Dep't of Soc. Servs.,
    436 U.S. 658 (1978)...................................................................................................12, 13, 14

Murray v. City of New York,
    283 A.D.2d 560 (2d Dep't 2001) ..........................................................................................15

Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)...............................................................................................................13

Pina-Pena v. New York City Dep't of Educ.,
    2014 N.Y. Misc. LEXIS 1630
    (Sup. Ct. New York Cnty. 2014) .............................................................................................8

Ramsaroop v. Dep't of Educ. of New York,
    2023 U.S. Dist. LEXIS 186
    (S.D.N.Y. Jan. 2, 2023)..........................................................................................................11

Saunders v. New York City Dep't of Educ.,
    2010 U.S. Dist. LEXIS 71500
    (E.D.N.Y. July 15, 2010) .........................................................................................................7

Stapleton v. Ponte,
    792 F. App'x 57 (2d Cir. 2019) ...........................................................................................5, 6

Taylor v. City of New York,
    207 F. Supp. 3d 293 (S.D.N.Y. 2016).....................................................................................14

**Cases**                                                                                                         **Pages**

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007)..................................................................................13

Xu v. City of New York,
    2020 U.S. Dist. LEXIS 25082
    (S.D.N.Y. Dec. 22, 2020)..................................................................................10

**Statutes**

42 U.S.C. § 1983 ....................................................................................................9, 13

Educ. Law § 2590-f................................................................................................8

Educ. Law § 2590-h................................................................................................8

Educ. Law § 2590-h(19).........................................................................................9

Educ. Law § 2590-h(38).........................................................................................9

Educ. Law § 3020 ...............................................................................................5, 14

Educ. Law § 3020-a.............................................................................1, 3, 6, 7, 9, 10

Educ. Law § 3020-a(2)(a)...................................................................................8, 12

Educ. Law § 3813(2)...............................................................................................15

G.M.L. § 50............................................................................................................14

G.M.L. § 50-i..........................................................................................................15

## PRELIMINARY STATEMENT

Plaintiff, Joel Kirkhart, a former teacher with the Department of Education of the City of New York ("DOE") commenced this action against Defendants DOE, Melissa Aviles-Ramos ("Aviles-Ramos"), and Katherine Rodi ("Rodi") (collectively, "Defendants"), alleging that Defendants denied him due process under the Fourteenth Amendment and violated the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also asserts a <u>Monell</u> claim, a "stigma plus" claim, a fraud in the inducement claim, and a fraudulent concealment claim. All of these claims arise out of Plaintiff's termination following an evidentiary hearing on thirteen Charges and Specifications, wherein the hearing officer found Plaintiff committed multiple instances of misconduct involving gratuitously introducing sex into the classroom and sexualizing students. Plaintiff, admittedly, unsuccessfully challenged the hearing officer's findings and recommendation that he be terminated in New York State Court.

Defendants now move to dismiss the Complaint in its entirety because Plaintiff's claims are barred by *res judicata* and collateral estoppel because they all arise out of and essentially challenge the propriety of the hearing officer's determination. Even assuming Plaintiff's claims are not barred by these doctrines, Plaintiff's fraud claims are time-barred and he otherwise does not state claims upon which relief can be granted. For all of the reasons set forth more fully below, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

## STATEMENT OF FACTS

Plaintiff alleges that he was a tenured teacher and was hired by the DOE in 2007. <u>See</u> Compl., at ¶ 23. On June 25, 2022, pursuant to Education Law § 3020-a, the DOE served Plaintiff with thirteen Charges and Specifications. <u>Id</u>. at ¶ 29. The Charges and Specifications span the 2021-22 school year and allege corporal punishment, verbal abuse, inappropriate comments, excessive force, conduct unbecoming his profession, conduct that may constitute a crime, and

neglect of duties. See Charges and Specifications, annexed to the Declaration of Shivani R. Damera ("Damera Decl."), dated Sept. 8, 2025, as Exh. A.

A full evidentiary hearing on the Charges and Specifications was held before Hearing Officer McCray on March 3, March 7, March 10, March 13, March 17, March 24, March 29, March 31, April 3, April 26, May 9, May 18, May 19, May 23, May 25, May 26, May 31, June 9, June 26, June 27, and July 25, 2023. See Op. and Award of Hearing Officer Daniel McCray ("Op. and Award"), annexed to the Damera Decl. as Exh. B, at 2. On December 14, 2023, Hearing Officer McCray rendered a thorough fifty-six page Opinion and Award. See Compl., at ¶ 59; see also Op. and Award, Exh. B.

In his Opinion and Award, Hearing Officer McCray found that Plaintiff's repeated comments, including referencing "S&M" in the classroom, and "referencing B.M.'s relationship status with R.O.; pressing M.F. on whether he was tired because he was up at night watching pornography; stating a corndog a student was eating looked like a 'fried dildo' in front of other students; and most significantly saying to D.R. in front of the whole class 'Don't look at me that way, it is very provocative [or suggestive]", warranted termination because bringing sex gratuitously into the classroom and sexualizing students harmed children in a "significant way." See Op. and Award, Exh. B, at 48 and 50. Importantly, Hearing Officer McCray found Plaintiff's misconduct to be particularly serious, thereby warranting termination, because Plaintiff was previously put on notice not to engage in such behavior after receiving a disciplinary letter on November 22, 2017, for telling a student at his previous school to "suck my" after a verbal altercation with her. Id. at 48-49; see also Compl., at ¶ 59.

On December 23, 2023, Plaintiff challenged Hearing Officer McCray's Opinion and Award by commencing a hybrid Article 75/Article 78 proceeding against the DOE, Kirkhart

v. The Dep't of Educ. of the City of New York, et al., No. 656439/2023 (Sup. Ct. N.Y. Co., filed Dec. 23, 2023). Compl. at ¶ 71. In his Verified Petition, Plaintiff raised very similar or virtually identical allegations and arguments as those raised in his Complaint. See Verified Petition, annexed to the Damera Decl. as Exh. C. Specifically in his Petition, Plaintiff alleged that (1) his due process rights were violated because DOE "never held an Executive Session and vote by the members of the NYC school board" and the charges were "signed by Principal Lee, who had no legal authority to sign off on any determination of probable cause;" (2) Hearing Officer McCray exceeded his authority and violated his due process rights because he had no "subject matter jurisdiction to make the award of termination;" (3) he continues to be stigmatized "by his personnel file being sullied by a problem code;" (4) Hearing Officer McCray "show[ed] deliberate intent to ignore Education Law as well as [his] facts and testimony . . . because [he] wanted to remain on the panel of Arbitrators who decide 3020-a cases and get paid by the Department;" (4) and Hearing Officer McCray was biased and exceeded his authority because he "barely acknowledged" Plaintiff's disability argument and "did not believe in the validity of the diagnosis of ADHD." See generally Verified Petition, Exh. C.

DOE moved to dismiss the Petition. Plaintiff, represented by counsel, filed an opposition, and the motion to dismiss was fully submitted as of April 22, 2024. On April 25, 2024, Justice Arlene P. Bluth granted DOE's motion to dismiss and dismissed the petition with prejudice. See Kirkhart v. Dep't of Educ., 2024 N.Y. Misc. LEXIS 64695, at *3 (Sup. Ct. Apr. 25, 2024). The court rejected Plaintiff's claims that he was denied due process, holding that the "Chancellor of the Board of Education can delegate the process of bringing charges against tenured teachers" and that Hearing Officer McCray "was authorized to conduct the hearing even if the Board of Education did not hold an Executive Session to vote on the charges." Id. at *5. The court also held

that there was "no reason to disturb" Hearing Officer McCray's conclusions or the penalty imposed because "the record was replete with numerous inappropriate comments of a sexual nature, many of which [Plaintiff] did not deny he said." Id. at *10. The court further held that Hearing Officer McCray "rationally rejected" Plaintiff's claim that he should be exonerated due to his ADHD condition and agreed with his conclusion that the "record evidence produced in this case does not establish this is caused by ADHD." Id. at *11-12. Moreover, the court stated that "[Plaintiff] cannot have it both ways—he cannot describe what is tantamount to a conspiracy between the hearing officer and the [DOE] to fire him while also asserting that he made a mistake and should be given a chance to change." Id. at *11. Finally, the court concluded that all of Plaintiff's remaining claims were "without merit." Id. at *13.

On June 24, 2025, Plaintiff commenced the instant action, once again challenging Hearing Officer McCray's Opinion and Award. See ECF Doc. No. 1. As in his Petition, Plaintiff alleges that the Charges and Specifications were served without determining probable cause by "intentionally omitting a vote in an Executive Session of the Panel for Educational Policy—the NYC school board." Compl. at ¶ 29. Plaintiff also alleges that Hearing Officer McCray "horribly interpreted what [his] case was really about" and "total[ly] disregard[ed] [] a medical issue of a stellar teacher in favor of the ultimate power that the DOE had over [him]." See Compl., at ¶ 62. Specifically, Plaintiff alleges that Defendants and Hearing Officer Daniel McCray ("Hearing Officer McCray") "used fraudulent procedures and secret problem code in Plaintiff's file to pre-determine he was using students in his classes as sex objects" and that Defendants allowed "a totally different standard for [him] versus a teacher who is a women." Id. at ¶ 32. The only new issue Plaintiff raises in his Complaint is his Monell claim, in which he alleges that Defendants

violated the <u>Monell</u> doctrine by violating his "due process rights of a fair hearing pursuant to Education Law 3020." <u>Id</u>. at ¶ 144.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF *RES JUDICATA* AND <u>COLLATERAL ESTOPPEL</u>**

*Res judicata* or claim preclusion bars a litigant from bringing claims that were or could have been litigated in a prior legal proceeding when the prior legal proceeding was decided on the merits. <u>See</u> <u>Lipman v. Rodenbach</u>, 2020 U.S. Dist. LEXIS 81685, at *14 (E.D.N.Y. May 8, 2020). Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy. <u>See</u> <u>Magassouba v. Cascione Purcigliotti & Galluzzi, P.C.</u>, 2021 U.S. Dist. LEXIS 113237, at *16 (S.D.N.Y. June 14, 2021). This Court must apply New York state law to determine the preclusive effect of the New York Supreme Court's ruling in the hybrid Article 75/78 proceeding. <u>See</u> <u>Helberg v. Wells Fargo Bank, Nat'l Ass'n</u>, 2025 U.S. Dist. LEXIS 11556, at *21 (E.D.N.Y. Jan. 22, 2025). Under New York law, *res judicata* applies when the prior litigation involved an adjudication on the merits, involved the same parties or those in privity with them, and the claims asserted in the subsequent litigation arose out of the same transaction or series of transactions as the prior litigation. <u>See</u> <u>id</u>.; <u>see</u> <u>also</u> <u>Lipman</u>, 2020 U.S. Dist. LEXIS 81685 at *21-22. "The fact that causes of action may be stated separately, invoke different legal theories, or seek different relief will not permit relitigation of claims." <u>See</u> <u>Bayer v. City of New York</u>, 115 A.D.3d 897, 898 (2d Dep't 2014).

Federal courts must also apply "New York collateral estoppel law to New York state judgments." <u>Stapleton v. Ponte</u>, 792 F. App'x 57, 58-59 (2d Cir. 2019). "Under New York

5

law, collateral estoppel, [a narrower species of *res judicata*], precludes a plaintiff from contesting in a subsequent action issues clearly raised in a prior proceeding and decided against that party, irrespective of whether the tribunals or causes of action are the same." See El–Shabazz v. State of New York Comm. on Character & Fitness for the Second Jud. Dep't, 428 F. App'x 95, 96–97 (2d Cir. 2011). Collateral estoppel applies to Article 78 proceedings. See Stapleton, 792 F. App'x at 59.

In his Article 75/78 Petition, Plaintiff raised the following claims: (1) the alleged violation of his due process rights, (2) the alleged placement of a "problem code" in his personnel file, (3) the hearing officer's allegedly fraudulent actions to unjustly enrich himself,  and (4) the hearing officer's determination regarding his alleged ADHD diagnosis. Plaintiff's Complaint raises the same claims. Compare Compl., with Verified Petition, Exh. C.

The State court in Kirkhart actually and necessarily considered and decided the aforementioned issues and found them lacking in merit. See Kirkhart, 2024 N.Y. Misc. LEXIS 64695. Specifically, in dismissing Plaintiff's Article 75/78 proceeding in its entirety, the Court held that (1) Plaintiff's due process rights were not violated because the "Chancellor of the Board of Education can delegate the process of bringing charges against tenured teachers" and Hearing Officer McCray had authority to conduct the 3020-a hearing; (2) Plaintiff couldn't claim that Hearing Officer McCray was essentially conspiring with the DOE to fire him in order to enrich himself while also asserting that he made a mistake due to his ADHD and should be given a chance to change; (3) Hearing Officer McCray "rationally rejected" Plaintiff's argument that he should be exonerated due to his ADHD and that the "record evidence produced in this case [did] not establish [that Plaintiff's comments were] caused by ADHD;" and (4) otherwise rejected Plaintiff's claims as being without merit. Id. Therefore, Plaintiff's claims regarding Section 3020-a procedures, due

process, Hearing Officer McCray, and the underlying 3020-a opinion and award, as well as Plaintiff's allegations regarding the alleged "problem code," are each barred in the instant proceeding by collateral estoppel. See Blythe v. City of New York, 963 F. Supp. 2d 158, 175 (E.D.N.Y. 2013) (holding in part that "Plaintiff's second and third arguments [regarding lack of probable cause and hearing officer bias] are barred by the doctrine of collateral estoppel because they were raised and rejected in plaintiff's Article 75 petition to vacate the arbitration award.").

Similarly, Plaintiff's claims are barred under the doctrine of *res judicata*. As set forth above, Plaintiff already had a full and fair opportunity to litigate the identical claims and issues already resolved in his hybrid Article 75/78 proceeding. Indeed, not only could Plaintiff have previously raised his claims regarding Section 3020-a procedures, due process, Hearing Officer McCray, and the 3020-a Opinion and Award, these claims were raised, and, therefore, he is precluded from relitigating those same issues in the issues in the instant action. See Saunders v. NYC Dep't of Educ., 2010 U.S. Dist. LEXIS 71500 at *43-44 (E.D.N.Y. July 15, 2010). The only new claim raised in the instant action is Plaintiff's Monell claim, which should be dismissed for the reasons set forth below. Supra Point III.

## POINT II

### PLAINTIFF'S FEDERAL CLAIMS FAIL AS A MATTER OF LAW

Even if Plaintiff's claims are not barred by *res judicata* and collateral estoppel, Plaintiff's Due Process, Equal Protection, and Stigma Plus Claims fail as a matter of law.

**A. Plaintiff's Due Process Claim Fails as a Matter of Law**

Plaintiff alleges that his procedural due process rights were violated because the charges against him were brought by Principal Lee rather than by a vote of the Executive Session of the school board and as such Hearing Officer McCray lacked subject matter jurisdiction to

decide the penalty for the charges. See Compl. at ¶¶ 77-79, 84. Notwithstanding the fact that this very challenge was rejected by Justice Bluth in Plaintiff's hybrid Article 75/78 proceeding, this claim has already been resoundingly rejected.

Courts have repeatedly held that the absence of a vote on probable cause by the DOE's employing board does not deprive the hearing officer of the jurisdictional authority to hear and determine the underlying disciplinary charges. See Matter of Cardinale v. NY City Dept. of Educ., 204 A.D.3d 994, 998 (2d Dep't 2022). Indeed, "this argument has already been cast aside by other trial courts in recent years," because the procedure described in Education Law § 3020-a(2)(a) does not apply to the DOE, pursuant to Education Law § 2590-h. See Education Law § 2590-h (granting the Chancellor the authority to "exercise all of the duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter with respect to any member of the teaching or supervisory staff," and to "delegate the exercise of all such duties and responsibilities to all of the community superintendents of the city district."); see also Education Law § 2590-f (authorizing Community Superintendents "to delegate any of her or his powers and duties to such subordinate officers or employees of her or his community district as she or he deems appropriate, at his or her sole discretion."); Pina-Pena v. NYC Dep't of Educ., 2014 N.Y. Misc. LEXIS 1630, at 10 (Sup. Ct., N.Y. Cty. 2014) (citing to cases that rejected petitioner's argument that the charges made against him violated due process); Kirkhart v. Dep't of Educ., 2024 N.Y. Misc. LEXIS 64695, at *5 (Sup. Ct. Apr. 25, 2024); See Alterescu v. N.Y.C. Dep't of Educ., 2022 U.S. Dist. LEXIS 151763, at *18 (S.D.N.Y. Aug. 23, 2022). In that the law allows for the Chancellor to delegate the authority to bring charges against tenured teaching staff, the disciplinary process was properly conducted pursuant to New York Education Law, and

Plaintiff was given due process as required by Sections 2590-h (19) and (38). Therefore, Plaintiff's claim should be dismissed.

Moreover, even if DOE failed to comport with Education Law § 3020-a, as Plaintiff alleges, the Second Circuit has held that "there is no constitutional violation (and no available § 1983 action) where there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty." See Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 882 (2d Cir. 1996). It is well-settled that the availability of a post-deprivation Article 75 proceeding or Article 78 proceeding to correct any alleged errors provides sufficient due process. See Alterescu, 2022 U.S. Dist. LEXIS 151763, at *18; see also Arredondo v. Cnty. of Nassau, 2012 U.S. Dist. LEXIS 36156, at *36 (E.D.N.Y. Mar. 16, 2012); Chase Group Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 153 (2d Cir. N.Y. 2010) ("So long as state appellate remedies are available, a Section 1983 action is not an available vehicle for relief . . . '[w]hen § 1983 claims allege procedural due process violations, we nonetheless evaluate whether state remedies exist because that inquiry goes to whether a constitutional violation has occurred at all.'"); Locurto v. Safir, 264 F.3d 154, 175 (2d Cir. 2001) ("It is well-established that the Article 78 proceeding 'constitutes a wholly adequate post-deprivation hearing for due process purposes.'").

It is undisputed that Plaintiff was afforded a § 3020-a hearing. See Compl. ¶¶ 33-43, 45-56. Plaintiff was represented by counsel, called witnesses on his behalf, cross-examined witnesses called by the DOE, and presented arguments on his behalf. See Op. and Award, Exh. B. Additionally, Plaintiff appealed the Op. and Award by filing his hybrid Article 75/78 proceeding. See Kirkhart, 2024 N.Y. Misc. LEXIS 64695. Based on the foregoing, Plaintiff was provided and availed himself of all the process he was due.

**B.    Plaintiff's Stigma Plus Claim Fails as a Matter of Law**

In his Complaint, Plaintiff alleges that Defendants "placed his fingerprints into a 'no hire' 'problem code' database at the [DOE] Office of Personnel Investigations when he was charged with 3020-a allegations—not after h[is] hearing decision was received." See Compl., at ¶ 124. Even assuming that Plaintiff's characterization of the so-called "problem code" and the timing of the alleged placement of the "problem code" are correct, Plaintiff fails to show that the statements are, in fact, false, let alone stigmatizing, as the records accurately reflect his disciplinary history. See Xu v. City of New York, 2020 U.S. Dist. LEXIS 25082, *75-76 (S.D.N.Y. Dec. 22, 2020).

Plaintiff also fails to allege any specific, non-conclusory facts demonstrating that the Department of Education published the purported "problem code." Indeed, beyond his own conclusory allegation that DOE sends its "problem code" database to the FBI and the Office of Victim Services (Compl., at ¶ 104), Plaintiff fails to state how potential employers were aware of this alleged "no hire" list. Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 344 (2d Cir. 2006) (noting that bald assertions and conclusory statements are insufficient at the pleading stage). Courts have found that an employee simply alleging that they were placed on the "no hire" list is insufficient to satisfy the dissemination requirement. See e.g., McDonald v. Bd. of Educ., 2001 U.S. Dist. LEXIS 10325, at *23 (S.D.N.Y. July 24, 2001) (holding that a teacher who simply alleges that her name was placed on the DOE's "Ineligible/Inquiry List" without an allegation that the DOE publicly disclosed the stigmatizing grounds for the teacher's dismissal failed to state a denial of liberty interest due process claim); McPherson v. NY City Dep't. of Educ., 457 F.3d 211, 216-217 (2d Cir. 2006) ("The City has maintained that the reasons for placement on the "Ineligible/Inquiry List" remain confidential, and Plaintiff has provided no evidence suggesting otherwise."); Green v. Dep't. of Educ., 2019 U.S. Dist. LEXIS 127545, at *34 (S.D.N.Y. July 31,

2019)) (finding that "absence of any claim that [the DOE's internal] lists and codes are communicated to potential employers" fatal to stigma plus claim); <u>Alterescu</u>, 2022 U.S. Dist. LEXIS 151763, at *25, n.7 (noting that courts in this "Circuit have conclusively rejected" the argument that being placed on the DOE's "ineligible" or "Problem Code" list is "sufficient to satisfy the public dissemination requirement.").

Finally, even if Plaintiff could satisfy the stigma and publication elements, he cannot establish an "absence of adequate process" because, as set forth in Point II.A above, Plaintiff was given all of the process he was due. <u>See</u> <u>Alterescu</u>, 2022 U.S. Dist. LEXIS 151763, at *25; <u>Ramsaroop v. Dep't of Educ. of N.Y.</u>, 2023 U.S. Dist. LEXIS 186, at *41-43 (S.D.N.Y. Jan. 2, 2023); <u>Barrer-Cohen v. Greenburgh Cent. Sch. Dist.</u>, 2019 U.S. Dist. LEXIS 127555, at *25 (S.D.N.Y. July 30, 2019). Therefore, Plaintiff's stigma plus claim should be dismissed.

## C. Plaintiff's Equal Protection Claim Fails as a Matter of Law

Plaintiff asserts an equal protection claim based on selective enforcement. <u>See</u> Compl., at ¶¶ 92-106. "The Second Circuit has articulated two theories of equal protection based on selective enforcement . . . ." <u>See</u> <u>Chak v. N.Y. State Dep't of Educ.</u>, 2024 U.S. Dist. LEXIS 54148, at *8 (E.D.N.Y. Mar. 26, 2024). To prevail under the first theory, Plaintiff must show that he (1) was selectively treated, when compared with others similarly situated; and (2) that such selective treatment was "motivated by an intention to discriminate on the basis of impermissible considerations such as race, religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure a person." <u>Id.</u> at *8-9; <u>see also</u> <u>Diesel v. Town of Lewisboro</u>, 232 F. 3d 92, 103 (2d Cir. 2000). To prevail under the second theory, Plaintiff must show that he (1) "was intentionally treated differently from others similarly situated, and (2) there is no rational basis for the difference in treatment." <u>See</u> <u>Chak</u>, 2024 U.S. Dist. LEXIS 54148, at *10.

Plaintiff cannot prevail on either theory because, he does not identify any comparators who share reasonably close facts and circumstances or an "extremely high degree" of similarity to him. See Chak, 2024 U.S. Dist. LEXIS 54148, at *11. Instead, Plaintiff appears to allege that he was treated worse than tenured educators in New York State because Defendants "remov[ed] tenured NYC [DOE] employees from equal protection of the law while leaving all educators outside of NYC with the procedure cited in Education Law 3020-a(2)(a) as tenure law protection." See Compl., at ¶ 93. However, that New York State teachers were subject to different rules is irrelevant here, because New York State employees are not within the jurisdiction of the New York City Department of Education, let alone the City of New York.

Plaintiff also cannot prevail on a selective enforcement theory because he does not allege that the disciplinary charges or other alleged adverse employment actions were undertaken because of a protected class. "Differences in treatment between New York City and New York State teachers do not rise to the level of a suspect classification." Alterescu, 2022 U.S. Dist. LEXIS 151763, at *26; Green, 2019 U.S. Dist. LEXIS 127545, at *29; Adams v. N.Y. State Educ. Dep't, 752 F. Supp. 2d 420, 459 (S.D.N.Y. 2010). In short, Plaintiff does not allege any facts upon which a selective enforcement claim can rest.

## POINT III

### PLAINTIFF'S <u>MONELL</u> CLAIM FAILS AS A <u>MATTER OF LAW</u>

For the reasons discussed above, Plaintiff has failed to allege that he was terminated in violation of his fourteenth amendment due process and equal protection rights. Consequently, the derivative Monell claim should be dismissed. See Askins v. Doe 1, 727 F.3d 248, 253 (2d Cir. 2013) ("Monell does not create a standalone cause of action under which a plaintiff may sue over a governmental policy, regardless of whether he suffered the infliction of a tort resulting from the

policy."); see also Cohen v. Walcott, 2017 U.S. Dist. LEXIS 97500, at *11 (S.D.N.Y. Jun. 23, 2024) ("Where, as here, a Plaintiff fails to establish an underlying constitutional violation there can be no liability under Monell."). However, even if Plaintiff could allege a due process claim, which he cannot, he fails to plead facts showing that the DOE, and/or Defendants Aviles-Ramos and Rodi, maintain a policy or custom which resulted in the alleged deprivation of his constitutional rights.

A municipal entity, such as the DOE, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). For a municipality to be liable, a plaintiff must demonstrate the existence of an official municipal policy or custom that caused the complained of injury. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). To demonstrate the existence of an official policy or custom, a plaintiff is required to plead and prove three elements: 1) an official policy or custom that 2) causes the plaintiff to be subjected to 3) a denial of a constitutional right. See Wray v. City of N.Y., 490 F.3d 189, 195 (2d Cir. 2007). "The mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." See Bradley v. City of New York, 2009 U.S. Dist. LEXIS 51532, at *8-9 (E.D.N.Y. June 18, 2009) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). It is well established that a single incident of unconstitutional activity, particularly if it involved only actors below the policy-making level, does not rise to the level of a Monell violation. See City of Okla. v. Tuttle, 471 U.S. 808, 814 (1985).

Plaintiff claims that the DOE "has acted under color of law to deny probable cause in hearings so that they can manipulate outcomes, and in particular, terminate the tenured educator without Just Cause and without subject matter jurisdiction." See Compl., at ¶ 145; see also id. at ¶

144 (alleging Defendants "deprived Plaintiff of his due process rights of a fair hearing pursuant to Education Law 3020). However, as set forth in Section II.A above, Plaintiff's argument has been definitively rejected and Plaintiff received all the process he was due.

Additionally, to the extent Plaintiff alleges that Defendant Aviles-Ramos and Rodi violated his rights, that argument must be rejected for two reasons. First, Defendant Rodi is not a final policy maker for the DOE, nor has Plaintiff alleged as much in the Complaint. See Agosto v. N.Y. City Dep't of Educ., 982 F.3d 86, 101 (2d Cir. 2020). Second, even assuming that Defendant Aviles-Ramos had final policy making authority, Plaintiff's Monell claim must be dismissed, as Plaintiff fails to plead a single fact alleging that Defendant Aviles-Ramos played any role in the alleged constitutional violations in this case. Kennedy v. Bethpage Union Free Sch. Dist., 2023 U.S. App. LEXIS 2842, at *3 n.1 (2d Cir. Feb. 6, 2023).

Accordingly, Plaintiff's Monell claim must be dismissed.

## POINT IV

### PLAINTIFF'S CLAIMS SOUNDING IN TORT
### ARE TIME-BARRED

#### A. Plaintiff's Notice of Claim is Untimely

Under General Municipal Law ("GML") 50, a plaintiff cannot maintain a tort claim against the state or a subdivision of the state unless he or she serves a notice of claim within ninety days of when the claim rose. See Taylor v. City of N.Y., 207 F. Supp. 3d 293, 310 (S.D.N.Y. 2016). Plaintiff alleges that he filed a Notice of Claim ("NOC") in August 2024. The most recent conduct about which Plaintiff complains of allegedly occurred on December 14, 2023, the date Hearing Officer McCray issued his decision. See Compl., at ¶ 59. That, however, was issued **more than eight months** before Plaintiff filed the NOC. Because (1) Plaintiff failed to file a timely notice of claim, i.e. within ninety days of the date when his claims arose; and, (2) Federal Courts

lack authority to grant Plaintiff leave to file a late notice of claim, all of Plaintiff's tort claims must be dismissed with prejudice for failure to file a timely notice of claim. See Gomez-Kadawid v. Lee, 2023 U.S. Dist. LEXIS 102935, at *27 (S.D.N.Y. 2023).

**B.     Plaintiff's Tort Claims are Time-Barred**

Notwithstanding the fact that Plaintiff's claims are barred under *res judicata* and collateral estoppel and that Plaintiff's NOC is untimely, all of Plaintiff's tort claims are time-barred pursuant to Education Law § 3813(2). Indeed, New York Education Law § 3813(2) provides that tort claims brought against the DOE and its employees acting in the discharge of their duties may not be maintained outside of the one year and 90 day statute of limitations set forth in General Municipal Law § 50-i. See Education Law § 3813(2); see also Borst v. N.Y.C. Dep't of Educ., 2019 U.S. Dist. LEXIS 167870, at *19-20 (E.D.N.Y. Sep. 27, 2019). The statute of limitations for tort claims begins to run from the date on which the last act of alleged misconduct was alleged to have occurred. See e.g., Carlson v. Geneva City Sch. Dist., 679 F. Supp. 2d 355, 370 (W.D.N.Y. 2010); Murray v. City of New York, 283 A.D.2d 560, 561 (2d Dep't 2001).

Plaintiff alleges fraud in the inducement and fraudulent concealment, both of which are tort-based causes of action. See generally Compl. Furthermore, the Complaint demonstrates that all of these allegations arose prior to December 14, 2023. Id. at ¶ 59. In fact, as noted above, the most recent event about which Plaintiff complains is receiving the hearing officer's decision, on December 14, 2023. Id. Critically, Plaintiff waited until June 24, 2025, **more than a year and a half** after that date, to file this action. Therefore, Plaintiff's tort-based claims are time-barred pursuant to Educ. Law § 3813(2), and must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their

motion to dismiss the Complaint with prejudice and grant any such other and further relief as this

Court deems just and proper.

Dated:      New York, New York
            September 8, 2025

                            **MURIEL GOODE-TRUFANT**
                            Corporation Counsel of the City of New York
                            Attorney for Defendants
                            100 Church Street, Room 2-193
                            New York, New York 10007
                            (212) 356-2444

                By:     /s/ *Shivani Damera*
                            Shivani R. Damera
                            Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X

JOEL KIRKHART,                                    25-cv-03525 (VMS)

                                    Plaintiff,

              -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK; MELISSA AVILES-RAMOS,
Chancellor; and KATHERINE RODI, Director of
Employee Relations,

                                    Defendants.

--------------------------------------------------------------------- X

        **Shivani R. Damera**, an attorney duly admitted to practice before the United States

District Court for the Eastern District of New York, certifies pursuant to Local Civil Rule 7.1(c)

of the Local Rules of the United States District Courts for the Southern and Eastern Districts of

New York, that the total number of words in the Memorandum of Law in Support of Defendant's

Motion to Dismiss the Complaint, exclusive of the cover page, captions, table of authorities, table

of contents, and signature block, is 4,935 words, according to the "Word Count" function of

Microsoft Word, the word-processing system used to prepare the document. Thus, the document

complies with the word count limit of no more than 8,750 words set forth in Rule 7.1(c).


Dated:        New York, New York
              September 8, 2025


                              /s/ *Shivani Damera*
                              _____
                              Shivani R. Damera
                              Assistant Corporation Counsel