No. 25-CV-03525 (HG) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOEL KIRKHART,

                        Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK; MELISSA AVILES-RAMOS, Chancellor; and KATHERINE RODI, Director of Employee Relations,

                        Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 2-197*
*New York, N.Y.  10007*


*Of Counsel:  Shivani Damera*
*Tel:  (212) 356-2444*
*Matter No.: 2025-052949*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    POINT I

        PLAINTIFF HAS ABANDONED SEVERAL CLAIMS ...................................................................................... 1

    POINT II

        PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS .................................................................. 2

    POINT III

        PLAINTIFF'S STATE LAW CLAIMS ARE TIME-BARRED .................................................................................. 4

        A.  Plaintiff's Tort Claims are Time-Barred ............................................. 4

        B.  Plaintiff's SHRL and CHRL Claims are Time-Barred ........................................................................................... 5

    POINT IV

        THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA BAR PLAINTIFF'S CLAIMS .................................................................................................. 6

    POINT V

        PLAINTIFF'S DUE PROCESS AND LIBERTY INTEREST RIGHTS WERE NOT VIOLATED ...................................... 8

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Pages**

Birkholz v. City of New York,
    2012 U.S. Dist. LEXIS 22445 (E.D.N.Y. Feb. 17, 2012)..........................................................3

Blythe v. City of New York,
    963 F. Supp. 2d 158 (E.D.N.Y. 2013)...........................................................................................7

Burton v. Wells Fargo Bank, N.A.,
    738 F. Supp. 3d 272 (E.D.N.Y. 2024)...........................................................................................4

Chase Group Alliance LLC v. City of N.Y. Dep't of Fin.,
    620 F.3d 146 (2d Cir. N.Y. 2010)..................................................................................................8

Cole v. Blackwell Fuller Music Publ'g, LLC,
    2018 U.S. Dist. LEXIS 168186 (S.D.N.Y. Sep. 28, 2018).............................................................8

Dodson v. Bd. of Educ.,
    44 F. Supp. 3d 240 (E.D.N.Y. 2014).............................................................................................3

Dortch v. NY City Dept. of Educ.,
    2016 U.S. Dist. LEXIS 39646 (E.D.N.Y. Mar. 23, 2016)..............................................................5

Glascoe v. Solomon,
    2020 U.S. Dist. LEXIS 46930 (S.D.N.Y. March 17, 2020) ..........................................................4

Harris v. City of New York,
    186 F.3d 243 (2d Cir. 1999)...........................................................................................................6

Helwing v. City of NY,
    2021 U.S. Dist. LEXIS 38243 (E.D.N.Y. Mar. 1, 2021)...........................................................1, 2

Kirkhart v. Dep't of Educ.,
    2024 N.Y. Misc. LEXIS 64695 (Sup. Ct., N.Y. Cty. 2024).........................................................7

Lall v. City of NY,
    2021 U.S. Dist. LEXIS 42357 (E.D.N.Y. Mar. 5, 2021)...............................................................3

Locurto v. Safir,
    264 F.3d 154 (2d Cir. 2001)...........................................................................................................8

Maloney v. County of Nassau,
    623 F. Supp. 2d 277 (E.D.N.Y. 2007)...........................................................................................2

Monteleone v. Monteleone,
    162 A.D.3d 761 (2d Dep't 2018)...................................................................................................4

**Cases**                                                                                                    **Pages**

MS v. Rye Neck Union Free Sch. Dist.,
    2019 U.S. Dist. LEXIS 79377 (S.D.N.Y. May 10, 2019)..................................................................3

Pund v. St. Francis Coll.,
    No. 24-2750-cv, 2025 U.S. App. LEXIS 26903 (2d Cir. Oct. 16, 2025)..................................6

Saunders v. NYC Dep't of Educ.,
    2010 U.S. Dist. LEXIS 71500 (E.D.N.Y. July 15, 2010) ..........................................................7

Swinton v. City of NY,
    785 F. Supp. 2d 3 (E.D.N.Y. 2011)............................................................................................2

Wilkov v. Ameriprise Fin. Servs., Inc.,
    753 F. App'x 44 (2d Cir. 2018) ...............................................................................................8, 9

**Statutes**

42 U.S.C. § 1983.............................................................................................................................2, 4

N.Y. Educ. Law § 3020-a ..........................................................................................................6, 7, 8

N.Y. Educ. Law § 3813................................................................................................................2, 3

N.Y. Educ. Law § 3813(1)................................................................................................................5

N.Y. Educ. Law § 3813(2)................................................................................................................4

N.Y. Educ. Law § 3813(2-b).............................................................................................................5

**PRELIMINARY STATEMENT**

Defendants Department of Education of the City of New York ("DOE"), Melissa Aviles-Ramos ("Aviles-Ramos"), and Katherine Rodi ("Rodi") (collectively, "Defendants") respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Complaint. The arguments in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp.") are insufficient to avoid dismissal for several reasons. First, Plaintiff has abandoned his equal protection claim under the Fourteenth Amendment and his Monell claim. Second, Plaintiff failed to comply with applicable notice of claim requirements in connection with his state law claims. Third, Plaintiff's state law claims are time-barred. Fourth, Plaintiff's claims are barred by *res judicata* and collateral estoppel. Fifth, Plaintiff failed to adequately refute Defendants' substantive arguments and continues to fail to plausibly allege viable claims under any statute. Defendants' motion to dismiss should be granted and the Complaint dismissed in its entirety with prejudice for the reasons set forth below and in Defendants' initial moving papers.

**ARGUMENT**

**POINT I**

**PLAINTIFF HAS ABANDONED SEVERAL CLAIMS**

"District courts in this circuit have found that [a] plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes an abandonment of those claims." See Helwing v. City of NY, 2021 U.S. Dist. LEXIS 38243, at *8 (E.D.N.Y. Mar. 1, 2021). Plaintiff failed to rebut Defendants' arguments that (1) educators outside of NYC are not similarly situated to Plaintiff as they are not within the jurisdiction of the DOE let alone the City of New York; and (2) Plaintiff failed to establish that the disciplinary charges or other alleged adverse employment

actions were undertaken because of a protected class. Plaintiff, therefore, abandoned his claim that Defendants violated his equal protection rights. See Def. Mem., at 11-12. Therefore, this claim should be deemed abandoned and dismissed. See Helwing, 2021 U.S. Dist. LEXIS 38243, at *8.

Plaintiff's Opposition also did not rebut Defendants' argument that Plaintiff fails to plead any facts showing that the DOE and/or Defendants Aviles-Ramos and Rodi maintain a policy or custom which resulted in the alleged deprivation of Plaintiff's constitutional rights. See Def. Mem., at 12-14. Specifically, Plaintiff failed to rebut Defendants' argument that Defendant Rodi is not a final policy maker for the DOE and that Plaintiff failed to allege that Defendant Aviles-Ramos played any role in the alleged constitutional violations in this case. Id. at 14. Thus, this claim should be deemed abandoned and dismissed as well.

## POINT II

### PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE NOTICE OF CLAIM REQUIREMENTS

In Plaintiff's Opposition, Plaintiff argues that "notice of claim provisions are inapplicable to § 1983 actions brought in federal court" and as such "filing of a notice of claim was not a prerequisite to the federal-court suit." See Pl.'s Opp. at 15. However, Defendants never argued that Plaintiff failed to comply with notice of claim requirements with respect to his § 1983 claims. Rather, Defendants argued that Plaintiff failed to timely comply with Education Law § 3813's notice of claim requirements with respect to his tort claims. See Def. Mem., at 14-15. Indeed, this court has held that "[N]otice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." Swinton v. City of NY, 785 F. Supp. 2d 3, 16 (E.D.N.Y. 2011) (quoting Maloney v. County of Nassau, 623 F. Supp. 2d 277, 291 (E.D.N.Y. 2007)).

Plaintiff did not file a notice of claim until August 2024, **more than eight months** after Hearing Officer McCray issued his decision and he learned of the alleged problem code.[1] See Def. Mem., at 14. "[T]he overwhelming weight of authority among district courts in the Second Circuit . . . permit only certain *state* courts to grant an extension of time to serve a late notice of claim, and federal courts, therefore, do not have the power to grant leave to serve a late notice or deem a late notice timely filed." MS v. Rye Neck Union Free Sch. Dist., 2019 U.S. Dist. LEXIS 79377, at *5 (S.D.N.Y. May 10, 2019) (internal quotations omitted) (emphasis in original); see also Dodson v. Bd. of Educ., 44 F. Supp. 3d 240, 250 (E.D.N.Y. 2014) (same). Therefore, given that Plaintiff failed file a timely notice of claim within ninety days of the date on which his purported claims arose, a necessary precondition to filing suit, Plaintiff's tort claims must be dismissed.

Plaintiff's SHRL and CHRL claims must also be dismissed for these same reasons. See Birkholz v. City of New York, 2012 U.S. Dist. LEXIS 22445, at *41 (E.D.N.Y. Feb. 17, 2012) (A pre-requisite under the Education Law for claims brought against the DOE pursuant to the SHRL or CHRL is that a plaintiff must file and serve a notice of claim "within ninety days after the claim arises."). This court has held that "[f]ailure to satisfy [§ 3813's] requirements is 'fatal' to a claim filed against a school board under state or city law regardless of whether the claim is brought in state or federal court." See Lall v. City of NY, 2021 U.S. Dist. LEXIS 42357, at *15 (E.D.N.Y. Mar. 5, 2021). Even when, as here, Plaintiff is proceeding pro se, courts do not have the "power to disregard a failure to comply with notice of claim requirements, even to avoid a

---

[1] Although Plaintiff does not specifically allege when he learned of the alleged placement of a problem code in his personnel file, Plaintiff raised the issue in his Article 75/78 proceeding. See Def. Exh, C, Verified Petition, at ¶¶ 55, 89, 94. Therefore, at the latest, Plaintiff became aware of the alleged problem code on December 23, 2023.

3

harsh result such as dismissal of an action." See Glascoe v. Solomon, 2020 U.S. Dist. LEXIS 46930 at *27 (S.D.N.Y. March 17, 2020) (dismissing pro se plaintiff's SHRL and CHRL claims when she "failed to plead that she filed a notice of claim"). Accordingly, Plaintiff's SHRL and CHRL claims must also be dismissed for failing to file a timely notice of claim.

## POINT III

### PLAINTIFF'S STATE LAW CLAIMS ARE TIME-BARRED

As an initial matter, as noted above, Defendants have not argued that Plaintiff's § 1983 claims are time-barred. As such, Plaintiff's argument that "[t]his court recognizes an equitable tolling doctrine in the context of § 1983 actions" is entirely irrelevant and should be rejected by the Court. See Pl.'s Opp., at 16.

**A.    Plaintiff's Tort Claims are Time-Barred**

It is undisputed that there is a one year and 90-day statute of limitations for tort claims brought against the DOE. See Education Law § 3813(2). A fraud claim accrues "at the time the plaintiff possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence." Burton v. Wells Fargo Bank, N.A., 738 F. Supp. 3d 272, 293 (E.D.N.Y. 2024) (quoting Monteleone v. Monteleone, 162 A.D.3d 761, 762 (2d Dep't 2018) (internal quotations omitted)).

Plaintiff's fraudulent inducement claim is predicated on the allegation that "[h]e had no option but to agree to a hearing that he subsequently found out was fraught with fraud and riddled with unfairness." See Compl., at ¶ 109. Specifically, Plaintiff alleges that Hearing Officer McCray participated in the DOE's fraudulent practices for his own financial gain. Id. at ¶¶ 107-120. Plaintiff's fraudulent concealment claim is predicated on the allegation that Plaintiff never waived his right to a proper determination of probable cause by a vote in Executive Session. Id. at

4

¶ 129. Plaintiff's alleged fraud in the inducement and fraudulent concealment claim accrued, at the latest, on December 14, 2023, the date Plaintiff alleges he received Hearing Officer McCray's decision. Id. at ¶ 59. Plaintiff commenced this action on June 24, 2025, more than a year and 90 days after his purported fraudulent inducement and fraudulent concealment claims accrued. These claims are, therefore, untimely.

**B.      Plaintiff's SHRL and CHRL Claims are Time-Barred**

Plaintiff argues that his SHRL and CHRL claims are not time-barred because the "Human Rights Laws in New York now have a 3-year statute of [l]imitations." See Pl.'s Opp., at 14. New York Education Law §§ 3813(1) and 3813(2-b), however, provides that claims against DOE for violation of the SHRL and CHRL are subject to a one-year statute of limitations. See id; see also Dortch v. NY City Dept. of Educ., 2016 U.S. Dist. LEXIS 39646, at *28 (E.D.N.Y. Mar. 23, 2016). Plaintiff's SHRL and CHRL claims are time-barred because the last alleged act underlying these claims was learning about the alleged problem code. Even accepting "that Plaintiff did not know that he was placed on a problem code . . . [until] after Plaintiff sought working in a school setting and he was denied countless times," Plaintiff's SHRL and CHRL are still untimely. As noted above, at the latest, Plaintiff became aware of the alleged problem code on December 23, 2023. See Def. Exh, C, Verified Petition, at ¶¶ 55, 89, 94. Plaintiff, however, commenced this action more than a year and a half later, on June 24, 2025.[2] See ECF Doc. No. 1.

Plaintiff appears to argue that his claims are not time-barred because, under the continuing violation doctrine, "courts can consider conduct that occurred outside the statutory limitations period if it is part of an ongoing and systematic practice of discrimination." See Pl.'s

---

[2] For this same reason, Plaintiff's argument that his SHRL and CHRL claims are equitably tolled must be rejected.

5

Opp., at 9. Plaintiff, however, does not identify any ongoing conduct but instead argues that the continuing violation doctrine applies because the "Problem Code has continued to haunt and harm him." Id. "[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act[.]" Pund v. St. Francis Coll., No. 24-2750-cv, 2025 U.S. App. LEXIS 26903, at *5 (2d Cir. Oct. 16, 2025) (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999) (internal quotations omitted)). Therefore, Plaintiff's SHRL and CHRL claims must be dismissed as time-barred.[3]

## POINT IV

### THE DOCTRINES OF COLLATERAL ESTOPPEL AND RES JUDICATA BAR PLAINTIFF'S CLAIMS

As Defendants set forth in their moving papers, with the exception of Plaintiff's Monell claim, Plaintiff's remaining claims are barred by the doctrines of collateral estoppel and *res judicata*. See Def. Mem., at 5-7. In his Opposition, Plaintiff argues that his hybrid Article 75/78 proceeding "had no constitutional claims because there are no Constitutional claims heard in a § 3020-a arbitration." See Pl.'s Opp., at 3. This is false. A plain reading of Plaintiff's hybrid Article 75/78 petition shows that Plaintiff raised a due process claim predicated on the same factual issues raised in the instant action. See Def. Exh. C, Verified Petition, at ¶¶ 90-94. Indeed, the Complaint raises several factual issues which where were previously decided against him in his hybrid Article

---

[3] To the extent Plaintiff appears to allege a retaliation claim and a disability discrimination claim on the basis of failure to accommodate under the SHRL and CHRL, these claims must be dismissed as untimely. See Pl.'s Opp., at 12-13. Plaintiff's retaliation and failure to accommodate claims should also be dismissed because Plaintiff failed to file a timely notice of claim. See Point II, supra.

75/78 proceeding. See Kirkhart v. Dep't of Educ., 2024 N.Y. Misc. LEXIS 64695 (Sup. Ct., N.Y. Cty. 2024).

Plaintiff alleges that: (1) the DOE failed to comply with New York Education Law § 3020-a procedure, thus violating his due process rights; (2) because the DOE failed to comply with § 3020-a, Hearing Officer McCray did not have subject matter jurisdiction to proceed; (3) Hearing Officer McCray was biased against him and participated in the DOE's fraudulent actions to unjustly enrich himself; (4) the Defendants placed a "problem code" in his personnel file; and (5) Hearing Officer McCray refused to consider his alleged ADHD diagnosis. Plaintiff raises the same factual issues in the instant matter. Compare Compl., with Def. Exh. C, Verified Petition; see also Def. Mem., at 6. Plaintiff repeats these same contentions in his Opposition. See Pl.'s Opp., at 3-11. The State court in Kirkhart actually and necessarily considered and decided the aforementioned issues and found they lacked merit. Kirkhart, 2024 N.Y. Misc. LEXIS 64695. Moreover, courts within the Second Circuit have held that Article 75 proceedings afford plaintiffs "full and fair opportunity" to litigate issues. See Blythe v. City of New York, 963 F. Supp. 2d 158, 175 (E.D.N.Y. 2013); Saunders v. NYC Dep't of Educ., 2010 U.S. Dist. LEXIS 71500 at *43-44 (E.D.N.Y. July 15, 2010). Therefore, Plaintiff's claims regarding § 3020-a procedures, due process, the hearing officer who presided over his evidentiary hearing, the hearing officer's decision, and the alleged placement of a "problem code" in Plaintiff's personnel file are each barred in the instant proceeding by collateral estoppel and *res judicata*. Blythe, 963 F. Supp. 2d at 175 (holding in part that "Plaintiff's second and third arguments [regarding lack of probable cause and hearing officer bias] are barred by the doctrine of collateral estoppel because they were raised and rejected in plaintiff's Article 75 petition to vacate the arbitration award.").

7

# POINT V

## PLAINTIFF'S DUE PROCESS AND LIBERTY INTEREST RIGHTS WERE NOT VIOLATED

Plaintiff does not contest that he appealed Hearing Officer McCray's decision by filing his hybrid Article 75/78 proceeding. Instead, Plaintiff, in his Opposition, largely repeats the allegations set forth in his Complaint as to why he believes his due process rights were violated. Specifically, Plaintiff argues that (1) Hearing Officer McCray somehow colluded with Defendants and had an understanding that he needed to terminate Plaintiff in order to unjustly enrich himself (Pl.'s Opp., at 11-12); (2) under Education Law § 3020-a the DOE was required to make a proper determination of probable cause but failed to do so (id., at 8); and (3) the placement of a problem code in his personnel file has permanently blocked him from working in his former position for the DOE (id. at 6-9). Even accepting these allegations as true, it is well-settled that the availability of a post-deprivation Article 75 proceeding or Article 78 proceeding to correct any alleged errors provides sufficient due process. See Alterescu, 2022 U.S. Dist. LEXIS 151763, at *18; Chase Group Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 153 (2d Cir. N.Y. 2010); Locurto v. Safir, 264 F.3d 154, 175 (2d Cir. 2001). Notably, Plaintiff does not acknowledge or contest this and, therefore, he should be deemed to have conceded that he was afforded all the process he was due. See Wilkov v. Ameriprise Fin. Servs., Inc., 753 F. App'x 44 (2d Cir. 2018) (failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument); see also Cole v. Blackwell Fuller Music Publ'g, LLC, 2018 U.S. Dist. LEXIS 168186, at *20 (S.D.N.Y. Sep. 28, 2018) ("plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument.").

Similarly, Plaintiff does not contest or acknowledge that, even if he could satisfy the stigma and publication elements of a stigma plus claim, he cannot establish an "absence of

8

adequate process" because he availed himself of a post-deprivation hearing in the form of a hybrid Article 75/78 proceeding. Thus, Plaintiff should be deemed to have conceded his stigma plus claim as well. See Wilkov, 753 F. App'x at 44.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in their initial moving papers, Defendants respectfully request that this Court grant their motion to dismiss the Complaint with prejudice, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         November 7, 2025

                         **MURIEL GOODE-TRUFANT**
                         Corporation Counsel of the City of New York
                         Attorney for Defendant
                         100 Church Street, Room 2-197
                         New York, New York 10007
                         (212) 356-2444

By:   /s/ *Shivani Damera*
        Shivani R. Damera
        Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JOEL KIRKHART,                                              25-CV-03525 (HG) (VMS)

                              Plaintiff,

       -against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK; MELISSA AVILES-
RAMOS, Chancellor; and KATHERINE RODI,
Director of Employee Relations,

                              Defendants.

------------------------------------------------------------------- X

      **Shivani R. Damera**, an attorney duly admitted to practice before the United States District Court for the Eastern District of New York, certifies pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, that the total number of words in the Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Complaint, exclusive of the cover page, captions, table of authorities, table of contents, and signature block, is 2,604 words, according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document. Thus, the document complies with the word count limit of no more than 3,500 words set forth in Rule 7.1(c).

Dated:      New York, New York
               November 7, 2025

                                                      /s/    *Shivani Damera*
                                                        Shivani R. Damera
                                                        Assistant Corporation Counsel