UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOEL KIRKHART,

                Plaintiff,

       v.

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK; MELISSA
AVILES-RAMOS, Chancellor; and
KATHERINE RODI, Director of Employee
Relations,

                Defendants.

**MEMORANDUM & ORDER**
25-CV-3525 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Joel Kirkhart, proceeding *pro se*, brings this action against Defendants Department of Education of the City of New York (the "DOE"), Melissa Aviles-Ramos, and Katherine Rodi (together with Aviles-Ramos, the "Individual Defendants"). Plaintiff alleges several constitutional violations under 42 U.S.C. § 1983 and two related tort claims, asserting that Defendants employed unlawful procedures in the course of terminating his employment with the DOE. *See* ECF No. 1 (Complaint; "Compl.").[1] Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6). *See* ECF Nos. 12, 13 (Defendants' Motion to Dismiss and Memorandum; "Mot." and "Mem."). For the reasons that follow, Defendants' motion is GRANTED.

---

[1]    Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND[2]

### I.        Relevant Facts

Plaintiff was a tenured teacher, employed by the DOE, who taught social studies in three different New York City high schools beginning in 2007 for a total of approximately 14 years. Compl. ¶¶ 17, 23.  Plaintiff alleges that, on or about June 25, 2022, the DOE "served Plaintiff with 13 disciplinary charges . . . without determining probable cause according to Education Law §§[ ]3020 and 3020-a by intentionally omitting a vote in an Executive Session of . . . the NYC school board." *Id.* ¶ 29.  According to the Complaint, Plaintiff received these charges "without a date for the Executive Session" and they were "signed by [Principal] Melanie Lee" without "explanation from the DOE on how and why [the] charges were submitted and filed without probable cause." *Id.* ¶¶ 30, 74.  The charges concerned inappropriate comments and physical contact Plaintiff directed toward his students.  *See e.g.*, *id.* ¶¶ 31–32, 55, 65.

Plaintiff was afforded an arbitration hearing under New York Education Law § 3020 to determine whether just cause existed for his termination at which he and several witnesses testified.  *See* Compl. ¶¶ 31–58.  On or about December 14, 2023, Arbitrator McCray made the decision to terminate Plaintiff's employment.  *Id.* ¶ 59.  Following his termination, Plaintiff alleges that he "has been blacklisted by the Defendants' Office of Personnel Investigations . . . after [it] put a 'no hire' or 'problem code' on his fingerprints." *Id.* ¶ 70.  He further alleges that

---

[2]        The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).  Although the general rule is that a plaintiff may not raise new allegations in his opposition to a motion to dismiss, because Plaintiff is representing himself, the Court will nevertheless grant him some leeway by considering the allegations in both the Amended Complaint and Opposition in deciding the motion.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

he suffered additional hardship by having his "personnel file flagged by this code when he was charged with [§] 3020-a . . . before his hearing began." *Id.*

Plaintiff subsequently "filed an Article 75 Appeal to the [New York State] Supreme Court on [December 23, 2023]." Compl. ¶ 71; ECF No. 14–3 (Article 75/78 Petition; "Pet."); *Kirkhart v. N.Y.C Dep't of Educ.*, No. 0656439-2023, 2023 WL 10350508 (Sup. Ct. N.Y. Cnty. Dec. 23, 2023). The petition was denied on April 23, 2024. Compl. ¶ 72. *Kirkhart v. N.Y.C Dep't of Educ.*, No. 656439/2023, 2024 N.Y. Misc. LEXIS 64695, at *3 (Sup. Ct. N.Y. Cnty. Apr. 29, 2024). Plaintiff then brought this action. *See generally* Compl.[3]

## II.    Procedural History

Plaintiff commenced this action on June 24, 2025, by filing a complaint against the DOE and Individual Defendants. *See* Compl. The Complaint asserts six causes of action:  two § 1983 claims, alleging violations of Plaintiff's Fourteenth Amendment due process rights because Defendants "constructively terminated [his] New York City License without providing procedural due process" (Claim One) and Fourteenth Amendment equal protection rights because teachers in New York City are treated differently from those elsewhere in the state (Claim Two); a fraud in the inducement claim, in which Plaintiff alleges that he "had no option but to agree to" participate in the hearing that purportedly deprived him of due process (Claim Three); a stigma-plus claim alleging that the placement of a "problem code" on Plaintiff's personnel file and fingerprints without a hearing amounted to a deprivation of a property interest (Claim Four); a fraudulent concealment claim alleging that Defendants "misrepresent[ed] the

---

[3]    The Court may take judicial notice of dockets from other courts' proceedings because they are public records, including when deciding whether to dismiss a complaint. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006). The Court also notes that though Plaintiff states in the Complaint that he "filed an Article 75 [a]ppeal," Compl. ¶ 71, it was, in fact, a hybrid Article 75/78 proceeding, *see Kirkhart*, 2023 WL 10350508; Pet.

protections of the tenure law" (Claim Five); and finally, a *Monell* claim deriving from

Defendants' alleged deprivation of Plaintiff's due process rights (Claim Six).  *See generally id.*

On September 8, 2025, the Defendants filed a motion to dismiss.  *See* Mot.  Plaintiff filed

his opposition on October 16, 2025.  *See* ECF No. 18 (Plaintiff's Opposition; "Opp.").  In

support of his Opposition, Plaintiff also filed seven exhibits.  *See* ECF No. 19 (Opposition

Exhibits; "Opp. Exs.").[4]  About three weeks later, Defendants filed their reply.  *See* ECF No. 22

(Defendants' Reply; "Reply").

## LEGAL STANDARD

### A.      *Federal Rule of Civil Procedure 12(b)(6)*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a "complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)).  "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'"  *Matzell v. Annuci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).

In making this assessment, the Court "must accept as true all of the factual allegations set out in

plaintiff's complaint, draw inferences from those allegations in the light most favorable to

plaintiff, and construe the complaint liberally."  *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir.

2007).  The Court must, however, disregard any "conclusory allegations, such as formulaic

---

[4]      Although filing the Opposition Exhibits without leave of court was procedurally
improper, the Court nevertheless considers them as part of Plaintiff's allegations and arguments,
in light of Plaintiff's *pro se* status.  *See Wharff v. State Univ. of New York*, No. 02-cv-488, 2009
WL 3233409, at *8 (E.D.N.Y. Sept. 30, 2009).

recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.  A pleading that only

"tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.*

> B.      *Pro Se Plaintiff*

A *pro se* complaint "must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to

construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the

plausibility standard for assessing pleadings.  *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir.

2020).  "A *pro se* litigant, however, is not exempt 'from compliance with relevant rules of

procedural and substantive law.'" *Ramos-Nunez v. United States*, No. 14-cr-102, 2019 WL

1300811, at *4 (S.D.N.Y Mar. 21, 2019) (quoting *Traguth v. Zuck*, 710 F.2d 90, 96 (2d Cir.

1983)).

**DISCUSSION**

**I.      Plaintiff's Due Process Claim is Barred by Collateral Estoppel**

Defendants argue that the entire Complaint, except for Plaintiff's *Monell* claim, is barred

by the doctrines of collateral estoppel and *res judicata*.  Mem. at 11–13.  Plaintiff responds that

because constitutional issues cannot be resolved through Education Law § 3020-a hearings or

Article 75 appeals, these doctrines do not apply.  Opp. at 2.  For the reasons set forth below, the

Court finds collateral estoppel bars Plaintiff's due process claim (Claim One).[5]

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating

in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior

---

[5]      Because the Court disposes of all remaining claims on other grounds, *see infra* Parts II–III, it declines to address Defendants' collateral estoppel argument as to those claims.  The Court similarly declines to address Defendants' *res judicata* arguments as to each claim in the Complaint for the same reason.

proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). "The principle holds true when a court has resolved an issue, and should do so equally when the issue has been decided by an administrative agency, be it state or federal, which acts in a judicial capacity." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991). "[A] federal court must apply the rules of collateral estoppel of the State in which the prior judgment was rendered." *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000); *see also Zappin v. NYP Holdings Inc.*, 769 F. App'x 5, 10 (2d Cir. 2019) ("[A] federal court must apply New York collateral estoppel law to New York state court judgments."). New York's collateral estoppel doctrine precludes relitigation of an issue when "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006).

Under this framework, Plaintiff's Fourteenth Amendment due process claim is barred by the doctrine of collateral estoppel. Plaintiff asserts that he was deprived of his due process rights because (a) the "§ 3020-a charges . . . did not have a date for the Executive Session[ ] and [had] no vote on probable cause"; (b) they were signed by Melanie Lee, who "ha[d] no authority to execute the document"; and therefore, (c) "Arbitrator McCray lacked the subject matter jurisdiction to decide the penalty for the charges." Compl. ¶¶ 78, 79, 84. Plaintiff raised identical claims in his Article 75/78 Petition. *See* Pet. at 3, 27–28 (alleging "[Defendants] deprived [Plaintiff] of property without due process"). And in Plaintiff's Article 75/78 proceeding, the court found:

> [T]he hearing officer was authorized to conduct the hearing even if the Board of Education did not hold an Executive Session to vote on the charges to be brought against petitioner. . . . Courts have held that the Chancellor of the Board of Education can delegate the process of bringing charges against tenured teachers.

*Kirkhart*, 2024 N.Y. Misc. LEXIS 64695, at *3.  The prior determination—that the charging procedure was lawful and the hearing officer was duly authorized—addressed the precise facts on which Plaintiff's due process claim rests, satisfying the identical issue requirement.  And given that Plaintiff, represented by counsel, submitted an extensive petition in the Article 75/78 proceeding, *see generally* Pet., and the New York State Supreme Court expressly addressed the issue in reaching its decision, *see Kirkhart*, 2024 N.Y. Misc. LEXIS 64695, at *3, Plaintiff had a "full and fair opportunity to litigate the issue in the prior action," *Evans*, 469 F.3d at 281; *see also Leo v. N.Y.C Dep't of Educ.*, No. 13-cv-2271, 2014 WL 6460704, at *5 (E.D.N.Y. Nov. 17, 2014) (citing *Constantine v. Teachers Coll.*, 448 F. App'x 92, 94–95 (2d Cir. 2011) ("As a general matter, the Second Circuit has held that Article 78 proceedings afford plaintiffs 'full and fair opportunity' to litigate issues.")).

Moreover, Plaintiff's lone response that collateral estoppel is inapplicable because constitutional claims cannot be resolved through § 3020-a hearings and Article 75/78 proceedings is plainly wrong.  *See* Opp. at 2.  Belying this argument is the fact that Plaintiff brought these very same due process claims in his Article 75/78 Petition.  *See* Pet. at 27–28.  And there is no question that both Article 75 and Article 78 proceedings provide the opportunity to appropriately challenge due process violations.  *See Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001) ("An Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes."); *Alterescu v. N.Y.C. Dep't of Educ.*, No. 21-cv-925, 2022 WL 3646050, at *10 (S.D.N.Y. Aug. 23, 2022) ("Article 75 proceedings constitute an adequate post-deprivation remedy to address any random or arbitrary deprivations of a protected property or liberty interest."); *Saunders v. N.Y.C. Dep't of Educ.*, No. 07-cv-2725, 2010 WL 2816321, at *18 (E.D.N.Y. July 15, 2010) ("[A] state court has the authority to consider claims alleging a

violation of due process with respect to the conduct of the [§ 3020-a] arbitration proceeding in an Article 75 proceeding.").

Claim One is therefore barred by collateral estoppel and is dismissed with prejudice.

## II.    Plaintiff's Constitutional Claims Each Fail Under Rule 12(b)(6)

### A.    Equal Protection

In his next claim (Claim Two), Plaintiff alleges that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by "removing tenured NYC Department employees from equal protection of the law while leaving all educators outside of NYC with the procedures cited in Education Law [§] 3020-a(2)(a) as tenure law protection." Compl. ¶ 93; *see also id.* ¶¶ 92–106.  In their brief, Defendants argue that Claim Two must be dismissed because Plaintiff (1) "does not identify any comparators who share reasonably close facts and circumstances or an extremely high degree of similarity to him" and (2) fails to "allege that the disciplinary charges or other alleged adverse employment actions were undertaken because of a protected class."  Mem. at 18.  Plaintiff fails to respond to this argument in his Opposition.  Accordingly, Plaintiff has abandoned his Equal Protection Clause claim.  *See Komatsu v. City of New York*, No. 20-cv-7046, 2021 WL 3038498, at *9 n.8 (S.D.N.Y. July 16, 2021) (deeming *pro se* plaintiff's claim abandoned where plaintiff did not raise any arguments in opposition to motion to dismiss).

But even on the merits, Plaintiff's claim fails.  *See e.g.*, *Alterescu*, 2022 WL 3646050, at *10–11.  Plaintiff argues that "Defendants are guilty . . . [of] removing tenured NYC Department employees from equal protection of the law while leaving all educators outside of NYC with the procedures cited in Education Law [§] 3020-a(2)(a) as tenure law protection."  Compl. ¶ 93.  But in *Alterescu*, the court dismissed a nearly identical claim premised on the argument that "[b]y setting up a charging process that secretly denies the procedures cited in Education Law

8

[§] 3020-a(2)(a) only in New York City and not elsewhere in New York State," the plaintiff suffered a violation of his equal protection rights.  2022 WL 3646050, at *10.  This Court agrees with the conclusion in *Alterescu*:

> [d]ifferences in treatment between New York City and New York State teachers do not rise to the level of a suspect classification. . . .  Just as myriad other courts within this Circuit have found, aspects of the Education Law that treat teachers in New York City differently from their counterparts in other sections of the state easily pass rational-basis review.

*Id.*, at *11.  Claim Two is therefore dismissed with prejudice.

### B.      Stigma-Plus

Plaintiff next brings a stigma-plus claim related to the "problem code" placed "on [his] personnel file and fingerprints."  Compl. ¶¶ 6, 121–26.  Defendants argue that Plaintiff fails to plead facts sufficient to support a stigma-plus claim, because he does not "show that the statements are . . . false"; "allege . . . that the [DOE] published the purported 'problem code'"; or "establish an 'absence of adequate process.'"  Mem. at 16–17.  The Court agrees with Defendants on each point.

"The loss of one's reputation can violate the Due Process Clause if the loss of reputation is associated with the deprivation of a federally protected liberty interest, such as government employment."  *Kuczinski v. City of New* York, 352 F. Supp. 3d 314, 324 (S.D.N.Y. 2019) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972)).  To state such a "stigma-plus" claim, a plaintiff must allege:  "(1) the utterance of a statement about [him] that is injurious to [his] reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement."  *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005).  "[A] plaintiff also must demonstrate that [his] liberty was deprived without due process of law.  Stated differently, the availability of adequate process

defeats a stigma-plus claim." *Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006). Plaintiff fails to meet this standard.

First and foremost, Plaintiff fails to allege that placing a problem code on his personnel file and fingerprints was false and therefore "it cannot form the basis for a stigma plus claim, however stigmatizing it might appear to be." *DiBlasio v. Novello*, 413 F. App'x 352, 356 (2d Cir. 2011) (summary order). This alone dooms Claim Four.

Next, Plaintiff fails to plead that Defendants published the problem code sufficiently to satisfy a stigma-plus claim. Plaintiff alleges only that the database containing the "problem codes" is found in "the budget database known as Galaxy" and "sent to the FBI and Office of Victims' Services." Compl. ¶¶ 6, 104. As to Galaxy, courts in this District have been clear in finding that such an argument does not suffice to meet the publication requirement of a stigma-plus claim. *See Lynch v. Dep't of Educ. of the City of New York*, No. 24-cv-07795, 2026 WL 607650, at *18 (E.D.N.Y. Mar. 4, 2026) ("While Plaintiff alleges that the Problem Code is entered into Defendants' Galaxy (budget) database used by the FBI and the Department of Labor Unemployment Board (UIAB), such an argument is insufficient to raise a claim."); *Jean v. Dep't of Educ. of the City of New York*, No. 24-cv-2264, 2025 WL 2782533, at *6 (E.D.N.Y. Sept. 30, 2025) ("That Plaintiffs allege[ ] the FBI and Department of Labor referred to Defendant's budgetary system does [not][6] operate to save Plaintiffs' claim."). And with regard to the latter claim that the database is "sent to the FBI and Office of Victims' Services," such naked assertions do not suffice to satisfy the stigma-plus publication requirement, especially because courts in this District have found that the FBI's referral to, and use of, the Galaxy database is

---

[6]    The Court attributes this omission to typographical error, as the court in *Jean* dismissed the stigma-plus claim.

insufficient to support the publication requirement of a stigma-plus claim. *See Lynch*, 2026 WL 607650, at *18; *Jean*, 2025 WL 2782533, at *6.

Finally, although Plaintiff argues that his stigma-plus claim is distinguishable because he received his problem code designation before having a § 3020-a hearing, Compl. ¶ 70, this does not alter the result. A post-deprivation Article 78 proceeding can defeat a stigma-plus claim so long as the hearing is adequate for due process purposes. *See Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011); *Patterson v. City of Utica*, 370 F.3d 322, 335 (2d Cir. 2004). As discussed above, Plaintiff was afforded meaningful and adequate process, *see supra* Part I, and, therefore, Plaintiff's stigma-plus claim fails, *Segal*, 459 F. 3d at 212; *Alterescu*, 2022 WL 3646050, at *10 ("Even if Plaintiff had alleged the necessary elements of a stigma-plus claim— which Defendants vociferously dispute—the fact that Plaintiff's [§] 3020-a and Article 75 hearings constituted constitutionally adequate process precludes [him] from bringing a stigma-plus claim."). The availability and exercise of adequate due process defeats Plaintiff's stigma-plus claim. *See Segal*, 459 F.3d at 213.

Plaintiff's stigma-plus claim (Claim Four) is dismissed with prejudice.

### C.     *Monell*

Plaintiff's final constitutional cause of action is a *Monell* claim (Claim Six) alleging that Defendants "deprived [him] of his due process rights of a fair hearing pursuant to Education Law [§] 3020." Compl. ¶ 144. Defendants argue that this claim fails because Plaintiff does not allege an underlying constitutional violation or plead facts sufficient to show Defendants maintained a policy or custom that resulted in the alleged deprivation of his rights. Mem. at 18–19. Because Plaintiff has failed to allege an underlying constitutional violation, his *Monell* claim is rendered baseless.

11

A municipal entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, "[a]n individual plaintiff may sue a municipality directly under § 1983 only for constitutional deprivations inflicted pursuant to a governmental custom or policy." *Flores v. City of Mount Vernon*, 41 F. Supp. 2d 439, 446 (S.D.N.Y. 1999). "Section 1983 claims against municipal employees sued in their official capacity are treated as claims against the municipality itself and are subject to a *Monell* analysis." *Richards v. City of New York*, No. 20-cv-3348, 2023 WL 3738489, at *6 (S.D.N.Y. May 30, 2023) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). To state a *Monell* claim, a plaintiff must prove the following elements: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).

"It is well-settled that a *Monell* claim cannot succeed without an underlying constitutional violation." *Mastromonaco v. Cnty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019). Moreover, "[*Monell*] is an extension of liability, not an independent cause of action, and therefore requires an underlying constitutional violation. . . . '[Without an] underlying constitutional violation, [a court's] decision not to address the municipal defendants' liability under *Monell* [is] entirely correct.'" *Soto v. City of New York*, 132 F. Supp. 3d 424, 459 (E.D.N.Y. 2015) (quoting *Segal*, 459 F.3d at 219).

Here, the alleged underlying constitutional violation from which Plaintiff's *Monell* claim extends is a Fourteenth Amendment due process violation for the "terminat[ion] [of] Plaintiff's New York City License." Compl. ¶ 75. Specifically, Plaintiff alleges that he was subject to an "unlawful charging procedure" because the charges against him were brought by Principal

Melanie Lee rather than through a vote on probable cause by the Executive Session of the school board, and therefore, Hearing Officer McCray lacked the subject matter jurisdiction to decide the penalty for the charges. *Id.* ¶¶ 77–79, 84. As set forth above, however, Plaintiff is collaterally estopped from relitigating the adequacy of the process afforded in his § 3020-a hearing and Article 75/78 proceeding, which has already been determined to be satisfactory. *See supra* Part I. Therefore, there is no underlying constitutional due process violation. And without an underlying constitutional violation, Plaintiff's *Monell* claim fails. *See Mastromonaco*, 779 F. App'x at 51; *Soto*, 132 F. Supp. 3d at 459.[7]

Because Plaintiff has not, and cannot, state a constitutional violation underlying his *Monell* claim, the Court dismisses Claim Six with prejudice.

### III.    State-Law Claims

Plaintiff brings two state tort claims:  fraud in the inducement to deny his rights to due process (Claim Three) and fraudulent concealment (Claim Five). Compl. ¶¶ 107–20, 127–35. Plaintiff does not allege a separate theory of subject matter jurisdiction for these claims. Instead, he invokes the Court's supplemental jurisdiction. *See id.* ¶ 14 ("Th[e] Court has supplemental jurisdiction over Plaintiff['s] state and city law claims under 28 U.S.C. § 1367(a).").

Although district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a),

---

[7]    Because Plaintiff fails to allege an underlying constitutional violation, the Court need not address Defendants' argument that Plaintiff fails to plead facts sufficient to show the existence of a policy or custom that resulted in the alleged deprivation of Plaintiff's rights. *See* Mem. at 20. However, the Court notes that Plaintiff fails to meet that burden. Moreover, with respect to the Individual Defendants, Claim Six fails because "*Monell* municipal liability does not extend to individuals." *Fate v. Petranker*, No. 19-cv-05519, 2020 WL 3640007, at *7 (S.D.N.Y. July 6, 2020).

such jurisdiction is discretionary, *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). And a district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). District courts may exercise their discretion in deciding whether to exercise supplemental jurisdiction over state-law claims when all federal claims were dismissed at the pleading stage. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006); *see also Cangemi v. United States*, 13 F.4th 115, 133–34 (2d Cir. 2021).

Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Because this case has progressed only to the motion to dismiss stage without the parties conducting any discovery, applying the normal presumption against supplemental jurisdiction is appropriate. *See Onibokun v. Chandler*, 749 F. App'x 65, 67 (2d Cir. 2019) ("find[ing] no abuse of discretion" in declining supplemental jurisdiction at motion to dismiss stage).

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state tort claims (Claims Three and Five), which are hereby dismissed without prejudice.[8]

### IV.    Leave to Amend

Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113,

---

[8]    Plaintiff seemingly seeks to bring two additional state-law claims in his Opposition, arguing that his "Complaint cites causes of action against the Defendants who denied him the due process he was entitled to under . . . Civil Service Law Section 75(b), and Human Rights Law." Opp. at 13. Notwithstanding the procedural impropriety of raising new allegations and arguments in his Opposition without leave of court, the Court nevertheless considers them here because of Plaintiff's *pro se* status. *See Wharff*, 2009 WL 3233409, at *8. But, as discussed in this section, the Court has dismissed all claims over which it has original jurisdiction and therefore declines to exercise supplemental jurisdiction over these new claims as well. 28 U.S.C. § 1367(c)(3).

132 (2d Cir. 2020).  "A court should freely give leave when justice so requires, but it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend).  Where "the problem with [a *pro se* plaintiff's] causes of action is substantive[,] better pleading will not cure it," and leave to amend may be properly denied as "futile."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)."  *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021).  Although Plaintiff does not seek leave to amend the Complaint, for the avoidance of doubt, the Court does not grant him leave to amend because Plaintiff's claims cannot be cured by amendment and Plaintiff has already effectively had the opportunity to amend his claims.

Plaintiff has no viable claims against Defendants.  As to Plaintiff's due process claim, the Court "decline[s] to grant leave to amend, as Plaintiff['s] claim[ ] [is] barred by collateral estoppel, and any amendment would therefore be futile."  *Koch v. Bobcat of New York, Inc.*, No. 19-cv-07081, 2025 WL 746023, at *7 (E.D.N.Y. Mar. 7, 2025).  With respect to his stigma-plus, equal protection, and *Monell* claims, because "Plaintiff fails to allege a constitutional violation and provides no basis to conclude that any amendment could remedy [his] pleadings . . . granting Plaintiff leave to amend would be futile."  *Jones-Bey v. Stanislov*, No. 23-cv-5599, 2024 WL 3520636, at *6 (S.D.N.Y. July 23, 2024).  And because Plaintiff has abandoned his equal protection claim, leave to amend that claim should be denied as well.  *See HAHA Global, Inc. v. Barclays*, No. 19-cv-04749, 2020 WL 13882092, at *9 (S.D.N.Y. July 9, 2020).

15

Moreover, Plaintiff has effectively received an opportunity to amend his complaint by raising new allegations in his Opposition and by filing the Opposition Exhibits.[9]  *See McKeever v. Singas*, No. 17-cv-4996, 2022 WL 5430426, at *2, *15 (E.D.N.Y. June 16, 2022) (considering allegations raised for first time in *pro se* plaintiff's opposition when deciding motion to dismiss and denying leave to amend), *report and recommendation adopted as modified*, 2022 WL 4095558 (E.D.N.Y. Sept. 7, 2022); *see also Evans v. City of New York*, No. 21-cv-8660, 2022 WL 1172740, at *4 (S.D.N.Y. Apr. 20, 2022) ("[B]ecause [plaintiff] has effectively had an opportunity to amend the Complaint through his Opposition, and neither the Complaint nor the Opposition, construed liberally, states a viable claim . . . nor indicates that a valid claim . . . might be stated, the Court does not grant [plaintiff] leave to amend[.]").  Therefore, "leave to amend would be futile because [P]laintiff ha[s] already had [several] bites at the apple and they have proven fruitless."  *Harris v. Westchester Cnty. Med. Ctr.*, No. 08-cv-1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011).

Accordingly, the Court denies Plaintiff leave to amend, notwithstanding his *pro se* status.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion, ECF No. 12, and dismisses Plaintiff's Complaint, ECF No. 1, in its entirety pursuant to Rule 12(b)(6).  Claims One, Two, Four, and Six are dismissed with prejudice.  The Court declines to exercise supplemental jurisdiction over Claims Three and Five and dismisses those claims without prejudice.

---

[9]     In his Opposition, Plaintiff appears to treat his brief as an amended pleading, asserting that his "constitutional causes of action . . . are sufficiently alleged within the Amended Complaint[.]"  Opp. at 17.

Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United* States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case. The Clerk of Court is also directed to mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
May 5, 2026